IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA JEAN ZUNIGA,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | No. 3:13-cv-01678-CRB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |

    This case arises from the Social Security Administration's ("Administration's") denial of Plaintiff Rhonda Jean Zuniga's ("Ms. Zuniga's") application for disability insurance benefits. Defendant Carolyn W. Colvin, the Acting Commissioner of Social Security ("Commissioner" or "Defendant") denied Ms. Zuniga's claim on January 31, 2013, acting through Administrative Law Judge David R. Mazzi. On June 9, 2013, Ms. Zuniga moved this Court to remand the case to the Commissioner for rehearing pursuant to Sentence Six of 42 U.S.C. § 405(g) in order to consider new material evidence. Pl.'s Mot. (dkt. 27) at 1. Defendant filed an Opposition to Ms. Zuniga's Motion and filed a Cross-motion for Summary Judgment on September 12, 2014. Def.'s M.S.J. (dkt. 35) at 4-10. Ms. Zuniga responded to Defendant's Cross-motion on January 23, 2015. Pl.'s Res. (dkt. 36) at 1.

    After review and consideration of the papers submitted, this Court finds that the additional evidence argued by Ms. Zuniga includes a physician's opinion directly bearing on Ms. Zuniga's claims regarding the intensity, persistence, and limiting effects of her

symptoms and that demonstrates a reasonable possibility of changing the outcome of the January 2013 Decision. See Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984) (holding that new evidence is sufficiently material to warrant remand where there is a reasonable possibility that the evidence would have changed the outcome of the Commissioner's decision); see also Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (applying the "reasonable possibility" standard to determine materiality). Therefore Ms. Zuniga's Motion to Remand under 42 U.S.C. § 405(g), Sentence Six is GRANTED in part, and DENIED in part and Defendant's Motion for Summary Judgment is DENIED. This matter is REMANDED to the Social Security Administration for further administrative proceedings consistent with this Order.

## I.   PROCEDURAL BACKGROUND

Ms. Zuniga first applied for disability insurance benefits under Title XVI of the Social Security Act on March 21, 2008, alleging a disability onset date of March 31, 2004. Tr. (dkt. 13) at 104-111.[1] The Administration denied Ms. Zuniga's application initially, on reconsideration, and on March 12, 2010 after a hearing before Administrative Law Judge David R. Mazzi, found Ms. Zuniga not disabled from March 31, 2004 through the date of ALJ Mazzi's Notice of Decision. Id. at 22, 55-59, 61-66. Ms. Zuniga appealed that Decision to this Court. Id. at 851. On February 14, 2012 this Court remanded the case to the Commissioner for further consideration of additional material evidence not considered by ALJ Mazzi and which had a reasonable possibility of changing ALJ Mazzi's Step Four Residual Functional Capacity (RFC) determination. Id. at 869.

On March 16, 2010, while Ms. Zuniga's appeal was pending before this Court, she filed a second application for disability insurance benefits, alleging an onset date of February 29, 2008. Tr. at 827. After Ms. Zuniga's application was denied initially and on reconsideration, Ms. Zuniga appeared again before ALJ Mazzi, resulting in a finding that Ms. Zuniga was not disabled from February 29, 2008 through April 19, 2012. Tr. at 886-901.

---

[1] Ms. Zuniga initially alleged an onset date of October 1, 2007, but amended the onset date to March 21, 2004 during her March 12, 2010 hearing before Administrative Law Judge David Mazzi. (Tr. at 15.)

2

On July 31, 2012 the Administration's Appeals Council remanded Ms. Zuniga's first application to ALJ Mazzi, pursuant to this Court's order. Id. at 878. The Appeals Council further directed ALJ Mazzi to consolidate Ms. Zuniga's first and second applications and consider them together. Id. at 879. On January 31, 2013, ALJ Mazzi issued a final Notice of Decision on the first and second applications, finding Ms. Zuniga to be not disabled at any time relevant to and through the date of the Decision. Id. at 833. Four months after the January 2013 Decision, Ms. Zuniga filed a third application for disability insurance benefits, resulting in the Administration's February 5, 2014 Disability Determination, finding that Ms. Zuniga is disabled, with an onset date of April 22, 2013. Pl.'s Mot. Ex. H (dkt. 27-8).

On April 12, 2013, Ms. Zuniga filed this action for judicial review of ALJ Mazzi's January 2013 Decision on the consolidated first and second applications pursuant to Sentence Six of 42 U.S.C. § 405(g). Ms. Zuniga argues that ALJ Mazzi failed to consider the entire administrative record. Pl.'s Mot. at 10. Ms. Zuniga additionally argues that the Administration's disability finding on her third application, the medical opinions relied on to make that finding, and certain other medical opinions constitute new material evidence meriting remand. Id. at 8-10. The Commissioner argues that this Court should affirm ALJ Mazzi's Decision and grant summary judgment. Def.'s M.S.J. at 10.

## II.   LEGAL STANDARD

This Court reviews the Commissioner's final decision to determine whether it is (1) based on proper legal standards, and (2) supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, but less than a preponderance. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999). It is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Reales, 402, U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler,

1 782 F.2d 1484, 1487 (9th Cir. 1986). The court may not affirm the Commissioner's decision
2 simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen,
3 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative
4 findings, or if there is conflicting evidence supporting a particular finding, the finding of the
5 Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir.
6 1987). Therefore, where the evidence is susceptible to more than one rational interpretation,
7 one of which supports the Commissioner's decision, the decision must be affirmed and may
8 be set aside only if an improper legal standard was applied in weighing the evidence. See
9 Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); see also Burkhart v. Bowen, 856
10 F.2d 1335, 1338 (9th Cir. 1988).

11 Pursuant to Sentence Six of 42 U.S.C. § 405(g), the court may at any time remand the
12 matter and that the Commissioner consider additional evidence. Where a plaintiff claims that
13 new or additional evidence merits the Commissioner's reexamination of a final decision, the
14 plaintiff must make a "showing that there is new evidence which is material and that there is
15 good cause for the failure to incorporate such evidence into the record in the prior
16 proceeding" before the court will remand the case to the Commissioner. 42 U.S.C. § 405(g).
17 All circuits recognize that new evidence must be material, but their interpretation of
18 materiality for a Sentence Six remand differs. See Sullivan v. Finkelstein, 496 U.S. 617, 626
19 (1990) (recognizing the circuit split and declining to define materiality). In the Ninth Circuit,
20 a plaintiff may satisfy that burden by showing that there is a "reasonable possibility" that the
21 new evidence would have changed the outcome of the Commissioner's determination had it
22 been before him or her at the time of the final decision. Booz, 734 F.2d at 1380-81 (rejecting
23 the Fourth and Tenth Circuits' stricter "reasonable likelihood" tests).

24 Summary judgment is a method for disposing of an action in which there is no
25 genuine issue of material fact, and the moving party is entitled to judgment as a matter of
26 law. Fed. R. Civ. P. 56. The burden of establishing the lack of a genuine issue of material
27 fact is on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). An issue
28 is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the

non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 317, 322-23 (1986). A fact is "material" if the fact may affect the outcome of the case. Id. at 248. All inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

**III.  DISCUSSION**

Under the authority of the Social Security Act, the Commissioner employs a five-step sequential process to evaluate a claim for disability insurance benefits. 20 C.F.R. § 416.920(a)(4). At step one, the Commissioner must determine whether the claimant is engaging in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(I). If the Commissioner determines that the claimant has not engaged in substantial gainful activity, then the inquiry proceeds to step two. Id. At step two, the Commissioner must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment or combination of impairments, then the Commissioner proceeds to step three. Id. At step three, the Commissioner must determine whether the claimant's impairment meets or equals criteria listed by the Administration under the authority of the Social Security Act. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant's impairment meets or equals listed criteria, then the claimant is disabled. Id. If she does not, the Commissioner proceeds to step four. Id. At step four, the Commissioner must determine the claimant's residual functional capacity ("RFC"), or ability to do physical and mental work activities on a sustained basis despite limitations from all the claimant's impairments, including those not deemed severe. 20 C.F.R. § 416.920(a)(4)(iv). At this step, the Commissioner also must determine if the claimant has performed relevant work within the last fifteen years or fifteen years prior to the date that the disability was established. Id. If the claimant's RFC allows the claimant to do his or her past relevant work, then the claimant is not disabled. Id. If the claimant is unable to do any past relevant work, or does not have past relevant work, then the Commissioner must proceed to the fifth and final step. Id. At step five, the Commissioner

5

must determine whether the claimant is able to do any other work considering the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is not able to perform other work in the national economy and meets the duration requirement, then the claimant is disabled. Id.

Ms. Zuniga makes two arguments in support of her motion for remand. First, Ms. Zuniga argues that ALJ Mazzi failed to consider the entire administrative record and thus remand is appropriate under Sentence Six. Pl.'s Mot. at 10. For the reasons discussed below, Ms. Zuniga's allegation is without merit. Second, Ms. Zuniga argues that there is new evidence, relevant to ALJ Mazzi's conclusions under steps four and five, that makes remand appropriate under Sentence Six. Id. at 5-10. The Court analyzes Ms. Zuniga's second argument in two parts; first, the evidence of and relating to Ms. Zuniga's February 2014 Disability Determination, and second, the medical evidence independent of the February 2014 Disability Determination. For the reasons discussed below, the Court finds that there is no reasonable possibility that the February 2014 Determination itself would have changed the outcome of the Commissioner's January 2013 Decision. Similarly, the Court finds that there is no reasonable possibility that the medical evidence relied on by the Administration for its February 2014 Determination would have changed the outcome of the Commissioner's January 2013 Decision. However, the Court finds that there is a reasonable possibility that the opinion of Dr. Lee, which was not analyzed in the February 2014 Disability Determination, could have changed the outcome of the Commissioner's January 2013 Decision. See Pl.'s Mot. Ex. A (dkt. 27-1), at 36-40.

### A.   ALJ Mazzi Considered the Full Administrative Record

Ms. Zuniga directs this Court to the supplemented transcript, Dockets 20-3 and 21-3, as evidence that ALJ Mazzi did not fully develop the record before issuing the January 2013 Decision. Pl.'s Mot. at 10. Failure by an administrative law judge to fully develop the record in a non-adversarial disability hearing can lead to a finding that the Administration's final decision is not supported by substantial evidence. See Gamber v. Bowen, 823 F.2d 242, 245 (8th Cir. 1987) (holding that where the ALJ had failed to consider a claimant's job

1 history and complaints about pain and mental illness, the Administration's final decision was
2 not sufficiently supported); Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985) (holding
3 that even where a claimant is represented by counsel, the ALJ has a duty to fully develop the
4 record).  However, that is not the case here.  ALJ Mazzi issued his Decision based on review
5 of a voluminous record spanning more than ten years of medical records.  See Tr. at 836-39.
6 Ms. Zuniga points to no specific evidence within the cited dockets that would undermine that
7 Decision.  Furthermore, the cited records are the Decisions and evidence from Ms. Zuniga's
8 2010 and 2012 hearings before ALJ Mazzi.  In his January 2013 Decision, ALJ Mazzi
9 specifically incorporated those Decisions by reference.  See Tr. at 827.  Therefore, Ms.
10 Zuniga's argument that remand is appropriate because Defendant supplemented the transcript
11 before this Court's proceeding lacks merit.

      B.      There is No Reasonable Possibility that the Administration's February 2014 Disability Determination, or the Records Relied on for That Determination, Would Change the Outcome of the January 2013 Decision

14       Ms. Zuniga cites to Luna v. Astrue, 623 F.3d 1032 (9th Cir. 2010) to support her
15 argument that the Administration's February 2014 award of disability benefits is not easily
16 reconcilable with the January 2013 denial and therefore material evidence warranting
17 remand.  Pl.'s Mot. at 5.  Ms. Zuniga's reliance on Luna is unjustified here.
18       The Luna court held that "in certain circumstances, an award based on an onset date
19 coming in immediate proximity to an earlier denial of benefits is worthy of further
20 administrative scrutiny to determine whether the favorable event should alter the initial,
21 negative outcome on the claim." Luna v. Astrue, 623 F.3d at 1034.  However, the court also
22 recognized that where a court could conclude from the record that the initial denial and
23 subsequent award were reconcilable, a denial of remand was appropriate. Id. at 1035 (citing
24 Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001)).   Brief analysis of the two cases is
25 instructive in their application to Ms. Zuniga's situation.
26       In Bruton, the court upheld a denial of remand where the claimant argued that a
27 subsequent grant of benefits was material evidence meriting a remand under
28 42 U.S.C. § 405(g), Sentence Six.  268 F.3d at 827.  The court found that the second

7

application involved different medical evidence, a different time period, and a different age classification. Id. Because the court was able to ascertain from the record that the two determinations were not inconsistent, the district court did not err in denying the claimant's motion to remand. Id.

By contrast, in Luna, the claimant was initially denied benefits and then, on a subsequent application, granted benefits with an onset date of one day after the initial denial. 623 F.3d at 1034. On motion for remand, both the claimant and the Commissioner agreed that the initial decision should be remanded to reconcile the two findings. Id. However, while the Commissioner argued for remand for further administrative proceedings to determine why the decisions were in seeming conflict, the claimant argued that the second determination should be dispositive and that the proper remedy was a remand of the first determination with an order to pay benefits for the earlier time period. Id. The court, noting that the claimant had not provided any further information about the second, successful application, found that it could not determine on the record before it whether the two decisions were irreconcilable. Id. at 1035. Given that uncertainty, the court held for the Commissioner and remanded the case for further administrative proceedings. Id.

In the case at hand, the subsequent award of benefits is not only reconcilable with the initial denial but flows directly from it. In reaching its February 2014 Determination declaring Ms. Zuniga disabled, the Administration reconsidered Ms. Zuniga's case in light of her claim history. See Pl.'s Mot. Ex. H, at 2. The Administration examined the medical records Ms. Zuniga cites- an August 2013 opinion by Dr. Kiefer and September 2013 and January 2014 opinions by Dr. Rubin- also examined in light of that claim history. See, e.g., id. at 8-9. The Administration found that the opinions were new evidence, indicative of "significantly changed circumstances from [the initial] ALJ decision," which made a finding of disability appropriate based on her current RFC. Id. at 14. The Administration awarded disability benefits with an onset date four months after the initial denial. Id. In the context of Luna and Bruton, the Administration's subsequent finding of disability is consistent with the initial finding because it is based on new evidence that indicates a changed circumstance

8

in a different time period.

Unsurprisingly, Ms. Zuniga does not argue that the Administration's February 2014 Disability Determination is unsupported by substantial evidence; in fact she relies on that Determination as a basis for remand. However, her reliance is misplaced. As the Administration examined the evidence cited by Ms. Zuniga and made a factual determination that the evidence both (1) was consistent with ALJ Mazzi's prior Decision of no disability, and (2) indicated changed circumstances since that Decision, there is no reasonable possibility that either the subsequent Determination or the medical opinions relied on to make that Determination would have affected the Commissioner's January 2013 Decision. See 42 U.S.C. § 405(g) (providing that the Commissioner's determination as to any fact is conclusive); see also Sanchez v. Sec'y of Health & Human Services, 812 F.2d 509, 511 (9th Cir. 1987) (finding that evidence of deterioration after a hearing was not probative of the claimant's adjudicated condition).

### C. There is a Reasonable Possibility that the July 19, 2013 Opinion of Treating Dr. Lee Would Have Changed the Outcome of the Commissioner's Decision

Finally, Ms. Zuniga argues that the July 19, 2013 opinion of treating Dr. Lee, Pl.'s Mot. Ex. A, at 36-39, is new material evidence meriting remand of the January 2013 Decision.[2] Pl.'s Res. at 1. In order for Dr. Lee's opinion to be considered new and material within the meaning of Sentence Six, Ms. Zuniga must show that there is good cause for initially failing to provide the evidence and that the new evidence is material to her condition as adjudicated in the January 2013 Decision. 42 U.S.C. § 405(g).

Courts interpret good cause liberally where, as here, there is no indication that a remand to consider new evidence would result in prejudice to the Commissioner. Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984). Good cause further exists where new

---

[2] Ms. Zuniga also argues that a chronic pain diagnosis from 2012 is new material evidence meriting remand. Res. at 1. However, Ms. Zuniga cites only to a historical "Problem List" created by an unknown provider and a single line entry. See Pl.'s Mot. Ex. A, at 9. ALJ Mazzi adjudicated Ms. Zuniga's claims of incapacitation due to pain and found them to be without objective medical support. See, e.g., Tr. at 831. The cited record contains no reference to objective medical diagnostic techniques and the Court finds that there is no reasonable possibility that this entry would have changed the Commissioner's January 2013 Decision. See Booz, 734 F.2d at 1380.

9

1 information surfaces after the Commissioner's final decision, and the claimant could not
2 have obtained that evidence at the time of the administrative proceeding. Key v. Heckler,
3 754 F.2d 1545, 1551 (9th Cir. 1985). Here, Dr. Lee gave his opinion seven months after the
4 January 2013 Decision and based that opinion on a series of MRIs that began during the
5 period adjudicated and continued after ALJ Mazzi's proceeding and through the time of Dr.
6 Lee's opinion. See Pl.'s Mot. Ex. A, at 38-39. Ms. Zuniga has shown good cause for failing
7 to provide ALJ Mazzi with the evidence of Dr. Lee's opinion and MRI history.

8   Ms. Zuniga must also show that the new evidence bears directly and substantially on
9 the matter in dispute, and be probative of her condition as it existed during the time period
10 adjudicated by the Commissioner. See Magallanes v. Bowen, 881 F.2d 747, 754 (9th Cir.
11 1989); Burton, 724 F.2d at 1417. Ms. Zuniga argues that Dr. Lee's opinion correlates her
12 multiple strokes, beginning in 2011 and supported by MRI evidence, with the migraines
13 adjudicated by ALJ Mazzi. Pl.'s Res. at 1.

14   In ALJ Mazzi's 2013 step four analysis, ALJ Mazzi discounted Dr. Rubin's
15 November 2012 assessment of Ms. Zuniga's disability due to migraine pain. Tr. at 831.
16 Noting that a May 2010 brain MRI was normal, ALJ Mazzi found that Dr. Rubin's
17 assessment was unsupported by medically acceptable clinical or laboratory diagnostic
18 techniques and based on Ms. Zuniga's self-reported claims and limitations. Id. ALJ Mazzi
19 further found that those claims conflicted with other evidence in the record. Id. Therefore,
20 ALJ Mazzi gave little weight to Dr. Rubin's opinion. Id.

21   The Court recognizes that the correlation identified by Dr. Lee is not necessarily
22 causation and that ALJ Mazzi has reviewed Ms. Zuniga's substantial record multiple times.
23 However, in light of ALJ Mazzi's dismissal of Ms. Zuniga's migraine claims as not
24 supported by medically acceptable diagnostic techniques, the Court cannot ignore that Dr.
25 Lee has arguably tied these claims to such techniques.[3] See Bilodeau v. Shalala, 856 F.

---

[3] Furthermore, the Administration did not rely on Dr. Lee's opinion as a part of its February 2014 Disability Determination. While Dr. Rubin references Dr. Lee's treatment in his September 2013 opinion, which the Administration did rely on, it only advised that Ms. Zuniga continue to see Dr. Lee for migraine treatments. See Pl.'s Mot. Ex. A, at 92.

Supp. 18, 45 (D. Mass. 1994) (accepting MRI results as material evidence which could lead to differing conclusions as to the claimant's claims of pain on remand).  ALJ Mazzi did not have the opportunity to review Dr. Lee's opinion and assessment of the MRI records.  Therefore the Court finds that Dr. Lee's opinion correlating Ms. Zuniga's migraines with her history of stroke, indicated by medically acceptable diagnostic techniques, is new material evidence which could have changed the outcome of the Commissioner's Decision had it been available at the time of ALJ Mazzi's adjudication.  See Booz, 734 F.2d at 1380-81.   Further administrative proceedings will allow the Commissioner to re-evaluate Ms. Zuniga's credibility and address whether, in light of the new evidence, Ms. Zuniga's impairments also existed during the period adjudicated under the January 2013 Decision.

## IV. CONCLUSION

For the foregoing reasons, the GRANTS IN PART Ms. Zuniga's Motion to Remand and DENIES the Commissioner's Motion for Summary Judgment.  This matter is REMANDED to the Commissioner for further administrative proceedings in accordance with this Order.

**IT IS SO ORDERED.**

Dated: March 11, 2014

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE